UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NANCY BRANDLER,

        Plaintiff,

v.

STEVEN MICHAEL ROSE, *et al.*

        Defendants.

Civ. No. 18-13957

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Nancy Brandler ("Plaintiff") brings this negligence action for injuries she suffered while being transported from Defendant Baywood Hotels, Inc. i/p/a Marriot Springhill Suites Hotel's ("Defendant's")[1] Jacksonville, Florida property to the local airport. The matter comes before the Court on Defendant's motion to transfer to the United States District Court for the Middle District of Florida. ECF No. 6. For the reasons set forth below, the motion is **GRANTED**.

I.   **BACKGROUND**

According to the Complaint, Plaintiff stayed at Defendant's hotel during a 2018 vacation in Jacksonville, Florida. Compl. at 4, ECF No. 1. Defendant contracted with Metro Executive Transportation of Jax, LLC ("Metro"), a Florida corporation, to provide an airport shuttle service. *Id.* at 3-4. Metro's employee, Steven Michael Rose, drove Plaintiff from Defendant's hotel to the Jacksonville airport on April 26, 2018. *Id.* at 5. Rose purportedly fell asleep while driving, causing the vehicle to strike a tree, thus injuring Plaintiff. *Id.*

Plaintiff filed this negligence suit against Defendant, Metro, and Rose. After "amicably adjust[ing the matter] by and between" Plaintiff, Rose, and Metro, Plaintiff voluntarily dismissed Metro and Rose from the case. Stip. of Dismissal, ECF No. 2. Presently before the Court is Defendant's motion to transfer the matter to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).[2]

---

[1] In briefing papers, Plaintiff simply calls Defendant "Marriot," and insists that Marriot does business throughout the United States. Pl. Opp. at 1. But Plaintiff named "Marriot Springhill Suites Hotel" in her complaint, not the international hotel holding company known as "Marriot International." *See* Compl. at 3. Further, Defendant's counsel certifies that "Defendant, Baywood Hotels, Inc. i/p/a Marriott Springhill Suites Hotel . . . is a Florida corporation, situated at 13550 Airport Road, Jacksonville, Duval County, Florida." Colitti Cert. ¶ 1, ECF No. 6.

[2] Defendant also mentions 28 U.S.C. § 1406(a) and FRCP 12(b)(3), but does not sufficiently develop any argument pursuant to those rules.

1

## II.   DISCUSSION

Under 28 U.S.C. 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Therefore, in deciding a motion to transfer, the Court must first determine whether the alternative forum is a proper venue." *Kane v. Ollie's Bargain Outlet Holdings, Inc.*, 18-cv-3475, 2018 WL 6168085, at *2–3 (D.N.J. Nov. 26, 2018).

### A.   Venue in the Middle District of Florida

Defendant proposes the United States District Court for the Middle District of Florida as the alternative venue, asserting the suit could have been brought there. Pursuant to 28 U.S.C. § 1391, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Here, the parties agree the accident giving rise to this suit occurred in Jacksonville, Florida, located in Defendant's proposed alternative forum. Therefore, the Middle District of Florida is a proper venue. *See id.*

### B.   The Section 1404(a) Factors

Once proper venue is established, the decision whether to transfer falls in the sound discretion of the trial court. However, the burden of establishing the need for transfer rests with the movant. In exercising its discretion and ruling on this motion, a court applies a balancing test that takes into account the three factors enumerated in Section 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. . . . The first two factors have been refined into a non-exhaustive list of private and public interest factors for a court examine and balance.

*Kane*, 2018 WL 6168085, at *2-3 (cleaned up).

#### 1.   *Private Factors*

With respect to the private interest factors, a court should consider: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.*

Here, the private factors point toward transfer. Factors one and two point in opposite directions. The claim certainly arose in Florida (factor 3), supporting transfer. The fourth factor (convenience of the parties, considering relative positions) weighs slightly in Plaintiff's favor. However, her argument that Defendant is the large, international hotel chain known as "Marriot" is unavailing. *See supra* n.1. Witness availability (factor 5) points strongly in

Defendant's favor. Rose (the driver) and Metro (the shuttle company) are no longer parties, but fact witnesses, and may be unavailable at a trial in New Jersey. *See* FRCP 45(c) (limiting range of subpoenas to testify at trial). Jacksonville emergency personnel may also be difficult to bring to this Court. *See id.* While Plaintiff received medical treatment in New Jersey and New York, the Court is more confident Plaintiff's own doctors will be willing to travel to testify. As to factor six, books and records can be transported to either forum.

### 2. *Public Factors*

With respect to the public interest factors, a court should consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Kane*, 2018 WL 6168085, at *3 (cleaned up).

Here, the public factors also point toward transfer. The Court lacks information on factors one, three, and five. As to practical considerations (factor 2): this suit is about an accident that occurred in Florida. Defendant's liability is contingent on their purportedly negligent "fail[ure] to ensure that the transport it provided was safe and that the drivers of said transport were properly vetted and did not suffer from any type of medical condition." Compl. at 6. That negligent conduct, and the associated evidence, would have occurred in Florida. Thus, practical considerations weigh in favor of this suit being heard in Florida. For the same reasons, factors four and five (local interest in deciding local controversies and familiarity with applicable state law) also point toward transfer.

## III. CONCLUSION

The United States District Court for the Middle District of Florida would be an appropriate venue for this matter. Both the public and private factors under 28 U.S.C. 1404(a) point toward transfer. The interests of justice would also better be served by transfer to Florida, where the court's jurisdiction over Defendant is more definite.

For these reasons, Defendant's motion to transfer, ECF No. 6, is **GRANTED**. An appropriate order follows.

**Date: May 23, 2019**

WILLIAM J. MARTINI, U.S.D.J.

3